# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **QUALITY CONTROL SYSTEMS CORP.,**<br>1034 Plum Creek Drive<br>Crownsville, MD 21032<br><br>        Plaintiff,<br><br>v.<br><br>**U.S. DEPARTMENT OF TRANSPORTATION,**<br>400 Seventh Street, S.W.<br>Washington, D.C. 20590 | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 07-590 (ESH)<br>)<br>)<br>)<br>)<br>)<br>) |

## ANSWER

Defendant, Department of Transportation ("DOT"), hereby answers plaintiff's Complaint for Injunctive Relief ("Complaint") as follows:

### First Defense

Defendant DOT has not improperly withheld the requested records because all or part of the requested information is or may be exempt from release. Among other things, whether documents or information submitted to the National Highway Traffic Safety Administration under the Early Warning Reporting program, 49 C.F.R. Part 579 Subpart C, are covered by Exemption 3, 5 U.S.C. § 552(b)(3), and thus prohibited from release is currently pending before the U.S. Court of Appeals for the District of Columbia Circuit in *Public Citizen, Inc. v. Peters*, No. 06-5304.

### Second Defense

In response to the correspondingly numbered paragraphs of Plaintiff's Complaint, Defendant DOT admits, denies or otherwise states as follows:

1. This paragraph contains plaintiff's characterization of this action to which no response is required. To the extent paragraph 1 contains any allegations of fact, Defendant denies.

2. This paragraph sets forth plaintiff's allegations regarding jurisdiction, to which no answer is required. To the extent that paragraph 2 contains any allegations of fact, Defendant denies.

3. Defendant has insufficient information to admit or deny the allegations in this paragraph.

4. Admits.

5. With respect to the first sentence, Defendant admits that the Transportation Recall Enhancement, Accountability, and Documentation ("TREAD") Act, Pub. L. 106-414, was passed by Congress and signed in to law by the President in 2000. The second sentence contains plaintiff's characterization of circumstances surrounding the passage of the TREAD Act to which no response is required. To the extent the second sentence contains any allegations of fact, Defendant denies.

6. The first sentence is a characterization of NHTSA's regulations to which no response is required. Defendant refers the court to 49 C.F.R. Part 579, Subpart C. Defendant admits the second sentence.

7. Defendant admits that plaintiff transmitted a letter, dated December 31, 2005, to NHTSA's Executive Secretariat, and avers that the letter is the best evidence of its contents.

8. Defendant admits that by letter of February 3, 2006, NHTSA responded to plaintiff's letter dated December 31, 2005, identified in paragraph 7, and avers that the February 3, 2006 letter is the best evidence of its contents.

9. Defendant admits that plaintiff transmitted a letter, dated February 25, 2006, to NHTSA's Chief Counsel., and avers that the February 25, 2006 letter is the best evidence of its contents

10. Defendant has no record of receiving the April 5, 2006 letter from plaintiff, and is without knowledge or information as to the truth of the averment.

11. Defendant admits that on November 14, 2006, NHTSA responded to plaintiff's letter of February 25, 2006, referred to in paragraph 9, and avers that the November 14, 2006 letter is the best evidence of its contents.

12. This paragraph contains conclusions of law to which no answer is required.

13. Denies.

The remainder of plaintiff's complaint contains plaintiff's prayer for relief, to which no response is required. To the extent a response is deemed to be required, Defendant DOT denies that plaintiff is entitled to the relief sought in the Complaint, or to any relief whatsoever.

The Defendant DOT denies each and every allegation in the complaint that it has not expressly admitted or to which it has not responded that it has insufficient information to admit or deny the allegations.

WHEREFORE, having fully answered, Defendant DOT respectfully requests this Court to enter judgment in Defendant DOT's favor, dismiss plaintiff's Complaint in its entirety with prejudice, and grant Defendant DOT costs, and such additional relief as the Court may deem appropriate.

Dated:  May 2, 2007.

Respectfully submitted,

_____
JEFFERY A. TAYLOR, D.C. Bar # 498610
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/_____
JANE LYONS, D.C. Bar # 451737
Assistant United States Attorney
555 4th Street, N.W. – Room E4822
Washington, D.C.  20530
(202) 514-7161

4