UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| QUALITY CONTROL SYSTEMS, CORP., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES DEPARTMENT OF ) <br> TRANSPORTATION, ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 07-590 (ESH) |

**DEFENDANT'S MOTION FOR A STAY AND
MEMORANDUM IN SUPPORT**

Plaintiff seeks access under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), to certain information submitted by Ford Motor Company to the National Highway Transportation Safety Administration ("NHTSA"), under the Transportation Recall Enhancement, Accountability, and Documentation Act, 49 U.S.C. § 30166(m) ("TREAD Act"). The information is part of what is known as early warning reporting ("EWR") data. See id. EWR data is potentially subject to Exemptions 3 and 4 of the FOIA. See 49 U.S.C. § 30166(m)(4)(C). On May 9, 2007, the Court conducted a telephone conference with counsel for the parties and determined that the Court would proceed to resolve any Exemption 4 issues in this case while awaiting a decision from the D.C. Circuit in Public Citizen, Inc. v. Mary E. Peters, Secretary of Transportation, 06-5304, on the applicability of Exemption 3 to the TREAD Act.[1]

---

[1] Oral argument was conducted in the D.C. Circuit in Public Citizen on October 15, 2007.

To date, and as reported in the status report defendant filed on August 7, 2007, though NHTSA has collected the information responsive to plaintiff's FOIA request, NHTSA has not disclosed it.  NHTSA has also confirmed that Ford Motor Company is not requesting confidential treatment of the EWR data at issue in this case under Exemption 4.  See 5 U.S.C. § 552(b)(4).  Based on the apparent absence of any Exemption 4 issue here and the Defendant's position in the Public Citizen litigation that the TREAD Act's disclosure provision is not covered by Exemption 3, plaintiff, through its counsel, recently requested that NHTSA disclose the EWR data in this case responsive to plaintiff's FOIA request.  NHTSA is unwilling to do so in advance of the final disposition of the Public Citizen case because there would be no way to remedy any violation of the FOIA posed by the disclosure if the D.C. Circuit reverses the judgment of the district court.

Accordingly, defendant respectfully moves for a formal stay of all proceedings in this matter, pending the final disposition of Public Citizen, which will resolve whether the material being sought by plaintiff in this case is covered by Exemption 3 of the Freedom of Information Act.
 Plaintiff, through its counsel, opposes the relief sought in this motion and seeks immediate production of all material responsive to its request under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  See L.Cv.R. 7(m).  Good cause exists for the Court to continue the course of action it set out in May for resolving this case.

As an initial matter, it is clear that "courts possess the inherent authority to stay proceedings in the interests of judicial economy and efficiency."  Landis v. North American Co., 299 U.S. 248, 254-55 (1936); Painters' Pension Trust Fund v. Manganaro Corp., 693 F.Supp.

1222, 1224 (D.D.C.1988). Given the identify of issues between <u>Public Citizen</u> and the instant case, a decision by the D.C. Circuit Court of Appeals will likely resolve the sole remaining issue in this matter. If the D.C. Circuit decides that the TREAD Act is not an Exemption 3 statute, then NHTSA will begin disclosing certain EWR data, including by providing Plaintiff with a response to its FOIA request.[2] Having this Court expend its limited resources on the same question when a decision appears imminent from the D.C. Circuit is plainly contrary to the interests of judicial economy.

On the other hand, if the D.C. Circuit held that the TREAD Act's disclosure provision is an Exemption 3 statute, then the damage NHTSA's provision of responsive information at this juncture would be impossible to rectify because a FOIA release to one is a release to the entire world, and the damage could not be undone. See <u>National Archives & Records Admin. v. Favish</u>, 541 U.S. 157, 170-71 (2004). Although NHTSA's position in the <u>Public Citizen</u> litigation is that the TREAD Act does not qualify for treatment under Exemption 3, it also acknowledges that this position is being challenged and that NHTSA has significant interests in following all applicable laws, respecting the judicial system, and fundamental fairness. The public interest is highly similar. Although the public may have an interest in the EWR data or conclusions that might be drawn from it, having NHTSA release the requested EWR data when it may turn out to be unlawful to have done so creates an unwarranted risk of violating the TREAD Act. Moreover, because the data sought relates exclusively to information submitted to NHTSA by a single manufacturer, it would be unduly unfair to Ford to disclose only its EWR

---

[2] NHTSA proposes to await the issuance of the mandate by the D.C. Circuit in <u>Public Citizen</u> before providing a response to plaintiff's FOIA request.

information; if Exemption 3 ultimately does not apply to EWR data, NHTSA intends to make certain elements of the data available to the public without awaiting individual FOIA requests.[3]

In the meantime, interests of judicial economy and fairness warrant staying this case until after the D.C. Circuit issues its decision in Public Citizen.  Hicks v. Bush, 397 F.Supp.2d 36 (D.D.C. 2005) (staying litigation pending resolution of case in the Supreme Court); see Hisler v. Gallaudet Univ., 344 F.Supp.2d 29, 35 (D. D.C. 2004) (a stay may be necessary for the efficiency of the court and the fairest course for the parties when there are independent proceedings which bear upon the case); IBT/HERE Employee Representatives' Council v. Gate Gourmet Div. Americas, 402 F.Supp.2d 289, 293 (D.D.C. 2005) (staying district court litigation pending outcome of arbitration which could moot the issues).[4]  Plaintiff has not alleged any urgent need for the information, and any notion that it should get it immediately because the D.C. Circuit might rule that its disclosure would violate Exemption 3 runs counter to the spirit of justice.  See Fed. R. Civ. P. 1.

The harm to the Plaintiff if a stay is granted is minimal.  If the Court of Appeals in Public Citizen determines that the TREAD Act disclosure provision is a FOIA Exemption 3 statute, then plaintiff is not entitled to the EWR data it is seeking and is not subject to any cognizable harm.  On the other hand, if the D.C. Circuit affirms the District Court, the requested stay will, at most,

---

[3] NHTSA recently finalized and published a rule setting out the agency's views on various elements of EWR data and how they will be treated.  See 72 Fed. Reg. 59434 (Oct. 19, 2007).

[4] As the party requesting the stay, defendant must make out a clear case of hardship or inequity.  Landis v. North American Co., 299 U.S. at 256.  The delay caused by a stay may "not [be] immoderate in extent and not oppressive in its consequences if the public welfare or convenience will thereby be promoted." Id.

only delay the disclosure of the data somewhat because the Exemption 4 issues have all been resolved. The duration of a stay of these proceedings is unlikely to be significantly lengthy because the Court of Appeals has already entertained oral argument. In view of the general time lines between briefing and decision, a decision in <u>Public Citizen</u> can reasonably be anticipated later this year or early next. Defendant will promptly inform the Court after the D.C. Circuit issues a decision in <u>Public Citizen</u>.

## **Conclusion**

For all these reasons, defendant respectfully requests that the Court stay these proceedings pending final resolution of <u>Public Citizen</u>. A proposed order is attached.

Dated: October 23, 2007.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

 /s/
_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

 /s/
_____
JANE M. LYONS, D.C. Bar # 451737
Assistant United States Attorney
555 4th Street, N.W - Room E4822.
Washington, D.C. 20530
(202) 514-7161
(202) 514-8780 (facsimile)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| QUALITY CONTROL SYSTEMS, CORP.,   )<br>                                                                 )<br>             Plaintiff,                                      )<br>                                                                 )<br>      v.                                                       )<br>                                                                 )<br>UNITED STATES DEPARTMENT OF      )<br>TRANSPORTATION,                              )<br>                                                                 )<br>             Defendant.                                  )<br>_____ ) | Civil Action  No. 07-590 (ESH) |

### ORDER

Upon consideration of defendant's motion for a stay, any opposition thereto, and the entire record in this case, it is hereby

ORDERED that this matter is stayed pending further order of the Court, and it is further

ORDERED that defendant shall notify the Court when there has been a final decision in the <u>Public Citizen, Inc. v. Mary E. Peters, Secretary of Transportation</u>, No. 06-5304, currently pending in the United States Court of Appeals for the District of Columbia Circuit.

SO ORDERED.


_____                                          _____
Date                                                                          ELLEN SEGAL HUVELLE
                                                                                   United States District Judge



Copies to Counsel of Record Through ECF