**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **QUALITY CONTROL SYSTEMS CORP.** <br> 1034 Plum Creek Drive <br> Crownsville, MD 21032, <br><br> Plaintiff, <br><br> v. <br><br> **U.S. DEPARTMENT OF TRANSPORTATION** <br> 400 Seventh Street, S.W. <br> Washington, DC 20590, <br><br> Defendant, <br><br> and <br><br> **FORD MOTOR COMPANY** <br> 330 Town Center Drive <br> Dearborn, MI 48126, <br><br> Applicant to Intervene <br> as Defendant. | 1:07-cv-0590 (ESH) |

**FORD MOTOR COMPANY'S MOTION FOR LEAVE
TO INTERVENE AS A DEFENDANT**

Ford Motor Company ("Ford") hereby moves:

1.  For leave to intervene and participate fully in this action as a defendant, pursuant to Rule 24(a) of the Federal Rules of Civil Procedure, upon the grounds that Ford's motion is timely; Ford has an interest in the confidentiality of the records that are the subject of the action; Ford is so situated that the disposition of the action may, as a practical matter, impair or impede Ford's ability to protect that interest; and Ford's interest is not represented by the existing parties; or, in the alternative,

2.  For leave to intervene and participate fully in this action as a defendant, pursuant to Rule 24(b) of the Federal Rules of Civil Procedure, upon the grounds that Ford's motion is

timely; Ford's defense and the instant action have a question of law and fact in common; Ford's intervention will not unduly delay or prejudice the adjudication of the rights of the original parties.

Counsel for defendant United States Department of Transportation ("Department") has authorized Ford to represent that the Department consents to Ford's intervention in this matter. Counsel for plaintiff Quality Control Systems Corp. ("QCS") has authorized Ford to represent that QCS does not consent to Ford's motion but will not be filing an opposition to it.

Pursuant to LCvR 7(a), this motion is accompanied by the attached Statement of Points and Authorities. Pursuant to LCvR 7(c) and LCvR 7(j), respectively, Ford is attaching a proposed order and its proposed Intervenor's Answer. Pursuant to LCvR 7.1, Ford is providing its Disclosure of Corporate Affiliations and Financial Interests.

                                              Respectfully submitted,

                                              /s/ Erika Z. Jones
                                              Erika Z. Jones (# 339465)
                                              Adam C. Sloane (# 443272)
                                              MAYER BROWN LLP
                                              1909 K Street, N.W.
                                              Washington, D.C. 20006
                                              (202) 263-3232

                                              Counsel for Ford Motor Company

Dated: October 26, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **QUALITY CONTROL SYSTEMS CORP.**<br>1034 Plum Creek Drive<br>Crownsville, MD 21032,<br><br>      Plaintiff,<br><br>  v.<br><br>**U.S. DEPARTMENT OF TRANSPORTATION**<br>400 Seventh Street, S.W.<br>Washington, DC 20590,<br><br>      Defendant,<br><br>and<br><br>**FORD MOTOR COMPANY**<br>330 Town Center Drive<br>Dearborn, MI 48126,<br><br>      Applicant to Intervene<br>      as Defendant. | 1:07-cv-0590 (ESH) |

**STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF
FORD MOTOR COMPANY'S MOTION FOR LEAVE
TO INTERVENE AS A DEFENDANT**

Ford Motor Company ("Ford") hereby submits its statement of points and authorities in support of its motion for leave to intervene as a defendant in this action. Ford is entitled to intervene as of right pursuant to Rule 24(a) of the Federal Rules of Civil Procedure. In the alternative, Ford should be granted leave to intervene by permission, pursuant to Rule 24(b) of the Federal Rules of Civil Procedure.

## BACKGROUND

This is a Freedom of Information Act ("FOIA") lawsuit brought by plaintiff Quality Control Systems Corp. ("QCS") for certain records submitted by Ford to the National Highway

Traffic Safety Administration ("NHTSA").  (Cplt. ¶¶ 1, 2.)  QCS alleges that it seeks records relating to "'claims made to Ford of deaths and injuries arising from tire-related incidents in Ford Explorer and Mercury Mountaineer utility vehicles.'"  (Cplt. ¶ 7 (quoting QCS's FOIA request).)

According to QCS, Ford submitted the records pursuant to the Early Warning Reporting ("EWR") requirements set forth at 49 C.F.R. § 579.21.  (Cplt. ¶ 7.)  The EWR requirements were promulgated pursuant to a provision (49 U.S.C. § 30166(m)) of the Transportation Recall Enhancement, Accountability and Document ("TREAD") Act, Pub. L. 106-414 (2000).  (Cplt. ¶ 5.)

Under the EWR regulations, Ford and all other manufacturers of 500 or more light vehicles annually are required to submit quarterly reports on various matters to NHTSA.[1]  Specifically, the vehicle manufacturers must submit production numbers, claims relating to property damage received by the manufacturer, warranty claims paid by the manufacturer pursuant to a warranty program, consumer complaints and field reports, and reports on incidents involving death or injury based on claims and notices received by the manufacturer.  *See* 49 C.F.R. § 579.21; *see also Public Citizen, Inc. v. Mineta*, Civ. A. No. 04-463 (RJL) ("*Public Citizen I*"), slip op. at 2 (D.D.C. July 31, 2006) (Document # 53 on the docket for No. 04-463) (describing regulation).  As noted above, in the instant lawsuit, QCS seeks certain death and injury data submitted by Ford.  It does not seek death and injury data submitted by Ford's competitors.

According to the Complaint, NHTSA refused to disclose the information sought by QCS, because the availability of that information under the FOIA has been the subject of litigation in this Court, and NHTSA, therefore, had issued an administrative stay on the release of EWR

---

[1] A "light vehicle" is defined as "any motor vehicle, except a bus, motorcycle, or trailer, with a [gross vehicle weight rating] of 10,000 lbs or less."  49 C.F.R. § 571.4.

2

information.  (Cplt. ¶ 8.)  In the litigation referred to by NHTSA, the Rubber Manufacturers Association ("RMA") contended that the TREAD Act is a withholding statute under FOIA Exemption 3 (5 U.S.C. § 552(b)(3)) and that, therefore, *all* EWR submissions are exempt from disclosure under the FOIA.  *See Public Citizen I*, *supra*.

Contrary to the assertion that QCS made to NHTSA during the administrative proceedings, however – an assertion that QCS repeats in its Complaint (Cplt. ¶ 10) – the litigation concerning the withholding of EWR data has *not* terminated.  Indeed, the EWR confidentiality litigation was still pending in this Court when Plaintiff wrote the April 5, 2006 letter to NHTSA referred to in paragraph 10 of its Complaint.  *See* July 31, 2006 Supp. Mem. Op. in *Public Citizen I* (Doc. # 53 in 04-463 docket).  Moreover, RMA appealed Judge Leon's determination that the TREAD Act is not an Exemption 3 withholding statute, and that appeal is pending as of this date in the D.C. Circuit, an oral argument having been held on October 15, 2007.  *See* Defendant's Motion for a Stay and Memorandum in Support, at 1-5 (docketed in this case as Doc. # 6) (hereinafter "Def. Mot. for Stay").  Thus, the D.C. Circuit now has before it the question whether the TREAD Act is an Exemption 3 statute, and that court's decision will be dispositive of the issue raised by QCS in this Court, because, if the D.C. Circuit accepts RMA's argument, none of the EWR submissions, including the Ford information at issue in this case, will be subject to disclosure under the FOIA.

**ARGUMENT**

Ford should be granted leave to intervene as of right under Rule 24(a) of the Federal Rules of Civil Procedure or permissively under Rule 24(b).  Rule 24(a) of the Federal Rules of Civil Procedure provides, in pertinent part, that

> [u]pon timely application anyone shall be permitted to intervene in an action: . . . when the applicant claims an interest relating to the property or transaction which is the subject of the action and the

3

> applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Rule 24(b) provides, in pertinent part, that

> [u]pon timely application anyone may be permitted to intervene in an action: . . . when an applicant's claim or defense and the main action have a question of law or fact in common. . . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Submitters of proprietary information to agencies are routinely granted leave to intervene in FOIA cases in which their information is sought by FOIA requesters. *See*, *e.g.*, *Appleton v. FDA*, 310 F. Supp. 2d 194, 197 (D.D.C. 2004) (submitters of information granted leave to intervene as of right and held to have standing). In fact, Ford (along with eight other vehicle manufacturers) was permitted to intervene in a case in this Court in which a FOIA requester sought records submitted by Ford and the other manufacturers to NHTSA. *See Center for Auto Safety v. NHTSA*, 93 F. Supp. 2d 1, 3 (D.D.C. 2000), *aff'd in part & rev'd in part on other grounds*, 244 F.3d 144 (D.C. Cir. 2001).

Ford clearly meets the requirements for intervention as of right here. To intervene as of right in this Circuit, a movant must demonstrate that (1) its motion is timely; (2) it has an interest relating to the property or transaction at issue in the suit; (3) disposition of the case may, as a practical matter, impede or impair the movant's ability to protect that interest; and (4) the applicant's interest is not adequately represented by existing parties. *See*, *e.g.*, *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 731 (D.C. Cir. 2003). The movant also must demonstrate that it has standing. *See Appleton*, 310 F. Supp. 2d at 196. Ford meets these prerequisites.

1.      **Timeliness**

First, Ford's motion is timely. Despite the fact that the Complaint was filed on March 27, 2007, the litigation remains in its very early stages. To Ford's knowledge, a briefing schedule on cross-motions for summary judgment has not been set.

Ford did not intervene previously because Ford had been given to believe that the matter would be stayed or held pending the resolution of *Public Citizen II, supra*. Thus, in a letter to Ford dated June 27, 2007, NHTSA's Chief Counsel stated that the Court would consider the potential for a stay of this case pending the resolution of *Public Citizen II, supra*, and that QCS had concurred that a stay would be appropriate with regard to the issue whether its FOIA claims are barred by FOIA Exemption 3, 5 U.S.C. § 552(b)(3). Because this is the only FOIA exemption at issue in the case, and Ford believed that QCS and defendant had agreed that *Public Citizen II* would be dispositive with regard to it – a position with which Ford concurs – and that the case should be held pending a decision in *Public Citizen II*, Ford did not believe that its intervention in this case would be necessary to protect its interests. On October 23, 2007, however, defendant filed a motion for a stay, and stated that QCS now is seeking immediate disclosure of Ford's information. *See* Def. Mot. for Stay at 2. As explained further below, proceeding to a resolution of this action prior to the issuance of a decision in *Public Citizen II* clearly could affect Ford's ability to protect its interests in the information at issue here, necessitating Ford's intervention.

This Court has previously explained that "[t]he appropriate starting point for the timeliness inquiry is not the date that the would-be intervenor became aware of the existence of the litigation, but the date the intervenor became aware of the implications of the litigation." *Roeder v. Islamic Republican of Iran*, 195 F. Supp. 2d 140, 156 (D.D.C. 2002). Here, although

5

Ford has been aware of this litigation virtually since its inception, Ford assumed the litigation would proceed only on the basis of the D.C. Circuit's forthcoming decision in *Public Citizen II*. Ford has only just learned that its interests in the documents at issue may be determined prior to, or independent of, that decision. Accordingly, because Ford has only just learned of these "implications of the litigation," its motion should be considered timely.

In addition, this Court frequently has considered whether intervention would prejudice a party. *See*, *e.g.*, *Roeder*, 195 F. Supp. 2d at 156-157; *Nationwide Mutual Ins. Co. v. Nat'l REO Management, Inc.*, 205 F.R.D. 1, 7 (D.D.C. 2000). Here, neither party would be prejudiced by Ford's intervention.

Accordingly, Ford's motion is timely.

### 2. Other Factors

Ford also satisfies the other factors set forth in Rule 24. First, the information sought by QCS is EWR information submitted to NHTSA by Ford, and Ford has an interest in preserving the confidentiality of that information, at least until the D.C. Circuit determines whether EWR information is exempt from disclosure under FOIA Exemption 3. Indeed, if the D.C. Circuit concludes that the EWR information is subject to Exemption 3, then Ford clearly has a protectable statutory interest in the confidentiality of the information. Moreover, *pending* the D.C. Circuit's determination of that issue, Ford has an interest in the confidentiality of the information because its disclosure could harm Ford's reputational and commercial interests, especially because similar information submitted by Ford's competitors, which could provide a necessary perspective and context for the public's understanding of Ford's data, has not been disclosed to the public; is not the subject of any pending FOIA requests; and, if the D.C. Circuit ultimately holds EWR information to be subject to FOIA Exemption 3, would *never* be subject to

disclosure. The disclosure of Ford's information under such circumstances could provide misleading information to the public concerning Ford's products (as compared to the products of its competitors), thereby causing Ford significant commercial harm. Finally, as noted above, numerous submitters, including Ford itself, have been held to have a sufficient interest in protecting their information to support intervention in FOIA cases. *See*, *e.g.*, *Appleton*, 310 F. Supp. 2d at 197.

Second, as a practical matter, an order of disclosure in this suit would impair Ford's ability to protect its interest in the confidentiality of the information. Thus, the third prong of the Rule 24(a) test is satisfied here. *See id.*

Third, no existing party can adequately represent Ford's interests. Plaintiff's interests are contrary to Ford's interest, and NHTSA cannot represent both the interests of the public and Ford's proprietary, reputational, and commercial interests. Indeed, NHTSA's "interest lies in responding appropriately to the plaintiff's request" (*id.*), not protecting Ford's interests. *See also*, *e.g.*, *National Farm Lines v. ICC*, 566 F.2d 381, 384 (10th Cir. 1977) ("We have here . . . the familiar situation in which the governmental agency is seeking to protect not only the interest of the public but also the private interest of the . . . [intervenors], a task which is on its face impossible.").

And fourth, it follows from this that Ford has standing to intervene. *See Am. Horse Protection Ass'n, Inc. v. Veneman*, 200 F.R.D. 153, 157 (D.D.C. 2001) (test for Article III standing may subsume the "interest in the litigation" inquiry under Rule 24(a)(2)). Indeed, Ford's standing to intervene is self-evident, because, as noted above, if Ford's death and injury data is disclosed, while the death and injury data of Ford's competitors is withheld, it is highly likely that Ford would suffer commercial and reputational injury as a direct result of that

7

disclosure. Such a result would be directly traceable to the disclosure of the information, and a ruling favorable to Ford would redress the injury to Ford's interests. *Cf. Appleton*, 310 F. Supp. 2d at 197.

In the alternative, Ford should be granted leave to intervene by permission. Again, Ford's motion is timely. In addition, Ford's defense and the main action here have questions of law and fact in common – specifically, whether the records are exempt from disclosure under the FOIA. Moreover, Ford's intervention would not delay or prejudice the adjudication of the rights of the original parties.

WHEREFORE, Ford respectfully requests that it be permitted to intervene and participate fully in this action as a defendant.

    Respectfully submitted,

    /s/ Erika Z. Jones
    Erika Z. Jones (# 339465)
    Adam C. Sloane (# 443272)
    MAYER BROWN LLP
    1909 K Street, N.W.
    Washington, D.C. 20006
    (202) 263-3232

    Counsel for Ford Motor Company

Dated: October 26, 2007

## CERTIFICATE OF SERVICE

I certify that on this 26th day of October, 2007, I caused copies of the foregoing motion for leave to intervene points and authorities in support thereof, and proposed order to be served by overnight courier upon the following counsel:

David L. Sobel  
1875 Connecticut Avenue, N.W.  
Suite 650  
Washington, D.C. 20009  

Counsel for Plaintiff

Jane M. Lyons  
Assistant United States Attorney  
U.S. Attorney's Office  
Civil Appellate  
555 4th Street, N.W.  
Washington, D.C. 20530  

Counsel for Defendant

/s/ Adam C. Sloane  
Adam C. Sloane (# 443272)  
MAYER BROWN LLP  
1909 K Street, N.W.  
Washington, D.C. 20006  
(202) 263-3269  

Counsel for Ford Motor Company

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **QUALITY CONTROL SYSTEMS CORP.,** | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| **U.S. DEPARTMENT OF TRANSPORTATION,** | ) ) | 1:07-cv-0590 (ESH) |
| Defendant, | ) ) ) | |
| And | ) ) | |
| **FORD MOTOR COMPANY,** | ) ) | |
| Applicant to Intervene as Defendant. | ) ) ) | |

**ORDER GRANTING
MOTION OF FORD MOTOR COMPANY TO INTERVENE**

Upon consideration of the motion of Ford Motor Company for leave to intervene as a defendant, any responses thereto, and the entire record herein, it is hereby

ORDERED that the motion is GRANTED, and it is further

ORDERED that Ford Motor Company be permitted to intervene as a party defendant herein, and it is further

ORDERED that, pursuant to LCvR 7(j), the Answer of Ford Motor Company attached to the motion to intervene is deemed to have been filed and served on this date.

SO ORDERED this ___ day of _____, 2007.

_____
United States District Judge

Copies of Order to:

| | |
|---|---|
| Erika Z. Jones<br>Adam C. Sloane<br>MAYER BROWN LLP<br>1909 K Street, N.W.<br>Washington, D.C. 20006<br><br>Counsel for Ford Motor Company<br><br>David L. Sobel<br>1875 Connecticut Avenue, N.W.<br>Suite 650<br>Washington, D.C. 20009<br><br>Counsel for Plaintiff | Jane M. Lyons<br>Assistant United States Attorney<br>U.S. ATTORNEY'S OFFICE<br>CIVIL APPELLATE<br>555 4th Street, N.W.<br>Washington, D.C. 20530<br><br>Counsel for Defendant |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **QUALITY CONTROL SYSTEMS CORP.**<br>1034 Plum Creek Drive<br>Crownsville, MD 21032,<br><br>        Plaintiff,<br><br>   v.<br><br>**U.S. DEPARTMENT OF TRANSPORTATION**<br>400 Seventh Street, S.W.<br>Washington, DC 20590,<br><br>        Defendant,<br><br>and<br><br>**FORD MOTOR COMPANY**<br>330 Town Center Drive<br>Dearborn, MI 48126,<br><br>        Applicant to Intervene<br>        as Defendant. | 1:07-cv-0590 (ESH) |

**INTERVENOR'S ANSWER TO
COMPLAINT FOR INJUNCTIVE RELIEF**

Comes now Ford Motor Company ("Ford"), applicant to be an intervenor in the above-captioned action, and, in response to the numbered paragraphs of Plaintiff's Complaint for Injunctive Relief, and using the Plaintiff's numbering system, Ford hereby admits, denies, or otherwise responds as follows:

    1.    This paragraph is an introductory statement to which no response is required. Insofar as a response is deemed necessary, Ford denies that the records at issue have been improperly withheld.

    2.    This paragraph contains Plaintiff's legal conclusions to which no response is required. Insofar as a response is required, Ford admits that, if this is an action under the

Freedom of Information Act, 5 U.S.C. § 552, as amended ("FOIA"), to obtain access to records allegedly in the possession of the United States Department of Transportation or the National Highway Traffic Safety Administration ("NHTSA"), and if Plaintiff has exhausted its administrative remedies, this Court would have jurisdiction to review a denial of access to documents, and venue would be proper in this Court.

3. Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

4. Ford admits the allegations contained in this paragraph.

5. Ford admits the allegations contained in the first sentence of this paragraph. The second sentence consists of a characterization of the purposes of the referenced statute to which no response is required. Insofar as a response is required, Ford refers the Court to the terms and legislative history of the referenced statute

6. The first sentence contains Plaintiff's legal conclusions about certain NHTSA regulations to which no response is required. Insofar as a response is required, Ford refers the Court to the applicable regulations. Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence.

7. Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations contained this paragraph. Ford further answers that, to the extent that the third sentence of this paragraph alleges that NHTSA's failure to expedite the processing of Plaintiff's FOIA request would reasonably be expected to pose a threat to life and safety, Ford denies the allegation.

8. Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

9. Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

10. Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. Ford further answers that, to the extent this paragraph alleges that the litigation referred to in this paragraph has terminated, Ford denies the allegation. Ford further answers, on information and belief, that the litigation referred to in this paragraph was still pending in the United States District Court for the District of Columbia as of the date of the April 5, 2006, letter referred to in the Complaint. Ford further answers that the litigation referred to in this paragraph is pending as of this date in the United States Court of Appeals for the District of Columbia Circuit, where it is docketed as Case No. 06-5304 and styled *Public Citizen, Inc. v. Peters*. Ford further answers that, to the extent that the second sentence of this paragraph alleges that NHTSA should now grant Plaintiff's administrative appeal and release the requested information, Ford denies the allegation.

11. Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and refers the Court to the referenced letter.

12. Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

13. Ford denies the allegation(s) in this paragraph.

The remaining paragraphs constitute prayers for relief to which no response is required. Insofar as a response may be required, Ford denies that the Plaintiff is entitled to the relief set forth in Paragraphs A , C, and D. With regard to the relief requested in Paragraph B, Ford denies that Plaintiff is entitled to expeditious proceedings in this action and further answers that the Court should hold the proceedings in abeyance pending the disposition by the United States

Court of Appeals for the District of Columbia Circuit of the case styled *Public Citizen, Inc. v. Peters*, Case No. 06-5304, which will resolve all of the issues raised by Plaintiff in the instant action.

Ford denies each and every allegation made in this complaint not expressly admitted herein.

### First Affirmative Defense

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

The FOIA request that is the subject of this lawsuit may implicate certain information that is protected from disclosure by one or more statutory exemptions. Disclosure of such information is not required or permitted.

WHEREFORE, having fully answered, Ford respectfully requests this Court to enter judgment in Ford's favor, dismiss Plaintiff's Complaint, and award Ford such additional relief as this Court deems appropriate.

                                              Respectfully submitted,

                                              /s/ Erika Z. Jones
                                              Erika Z. Jones (# 339465)
                                              Adam C. Sloane (# 443272)
                                              MAYER BROWN LLP
                                              1909 K Street, N.W.
                                              Washington, D.C. 20006
                                              (202) 263-3232
                                              Counsel for Ford Motor Company

Dated: October 26, 2007

## CERTIFICATE OF SERVICE

I certify that on this 26th day of October, 2007, I caused copies of the Intervenor's Answer to be served by overnight courier upon the following counsel:

David L. Sobel
1875 Connecticut Avenue, N.W.
Suite 650
Washington, D.C. 20009

Counsel for Plaintiff

Jane M. Lyons
Assistant United States Attorney
U.S. Attorney's Office
Civil Appellate
555 4th Street, N.W.
Washington, D.C. 20530

Counsel for Defendant


/s/  Adam C. Sloane
Adam C. Sloane (# 443272)
MAYER BROWN LLP
1909 K Street, N.W.
Washington, D.C. 20006
(202) 263-3269


Counsel for Ford Motor Company

5

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **QUALITY CONTROL SYSTEMS CORP.**<br>1034 Plum Creek Drive<br>Crownsville, MD 21032,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>**U.S. DEPARTMENT OF TRANSPORTATION**<br>400 Seventh Street, S.W.<br>Washington, DC 20590,<br><br>　　　　　Defendant,<br><br>and<br><br>**FORD MOTOR COMPANY**<br>330 Town Center Drive<br>Dearborn, MI 48126,<br><br>　　　　　Applicant to Intervene<br>　　　　　as Defendant. | 1:07-cv-0590 (ESH) |

**CERTIFICATE REQUIRED BY LCvR 7.1 OF THE LOCAL RULES OF THE
UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

　　　I, the undersigned counsel of record for Applicant to Intervene as Defendant, Ford Motor Company, certify that to the best of my knowledge and belief, the following are parent companies, subsidiaries, or affiliates of Ford Motor Company that have any outstanding securities in the hands of the public:

　　　Ford Motor Company has no parent companies.

　　　The following are subsidiaries or affiliates of Ford Motor Company: Ballard Power Systems, Inc, (Canada); Jiangling Motors Corporation, Limited (China); Mazda Motor Corporation (Japan); and Ford Otomotiv Sanayi Anonim Sirketi (Otosan).

2

      These representations are made in order that judges of this Court may determine the need for recusal.

                                      Respectfully submitted,
                                      /s/ Erika Z. Jones
                                    Erika Z. Jones (# 339465)
                                    Adam C. Sloane (# 443272)
                                    MAYER BROWN LLP
                                    1909 K Street, N.W.
                                    Washington, D.C. 20006
                                    (202) 263-3232
                                    Counsel for Ford Motor Company

Dated: October 26, 2007