**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **QUALITY CONTROL SYSTEMS CORP.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action 07-590 (ESH) |
| | ) | |
| | ) | |
| **U.S. DEPARTMENT OF TRANSPORTATION,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR A STAY**

Plaintiff Quality Control Systems Corp. initiated this action on March 27, 2007, seeking the disclosure of records it had requested from the National Highway Traffic Safety Administration ("NHTSA") in December 2005.  Specifically, plaintiff seeks the release of Early Warning Reporting ("EWR") data submitted to NHTSA by Ford Motor Company ("Ford") regarding claims made to Ford of deaths and injuries arising from tire-related incidents in Ford Explorer and Mercury Mountaineer utility vehicles.  *See* Appendix 3, attached to Declaration of Randall A. Whitfield ("Whitfield Decl.") (filed herewith).

At the Court's instruction, defendant Department of Transportation filed a status report on August 7, 2007, stating, *inter alia*, that the agency had contacted Ford "to request that Ford submit any request for confidential treatment of the EWR information that plaintiff seeks in this case" and that "[b]y letter dated July 27, 2007, counsel for Ford advised NHTSA that Ford will not be asserting any grounds for confidential treatment under Exemption 4."  Defendant's Status Report at 2.  The agency nonetheless asserted that "it is appropriate for the Court to continue refraining from scheduling any matters in this case until after full resolution of *Public Citizen v. Peters* [No. 06-5304 (D.C. Cir.)] by the D.C. Circuit."  *Id*.  The *Public Citizen* case, as defendant

explained, raises the issue of "whether the provision governing disclosure of EWR data, 49

U.S.C. § 30166(m)(4)(C) ["the TREAD Act"], qualifies as an Exemption 3 statute under the

[FOIA], and thus prohibits the Secretary from publicly disclosing EWR data." *Id*. at 1.

On October 23, 2007, defendant formalized its request that this action be held in

abeyance and moved for a stay of proceedings "pending the final disposition of *Public Citizen*."

Defendant's Motion for a Stay and Memorandum in Support ("Def. Mot.") at 2.  For the reasons

set forth below, plaintiff opposes the motion.

## Argument

In *Landis v. North American Co.*, 299 U.S. 248, 255 (1936), upon which defendant relies,

the Supreme Court clearly set forth the standard the government must meet to be granted the stay

it seeks:

> the suppliant for a stay *must make out a clear case of hardship or inequity in being required to go forward*, if there is even a fair possibility that the stay for which he prays will work damage to some one else.  *Only in rare circumstances* will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both.

(emphasis added).  As this Court has recognized, the applicant for a stay "shoulders the burden in

demonstrating a 'clear case of hardship.'" *Hisler v. Gallaudet Univ.*, 344 F. Supp. 2d 29, 35

(D.D.C. 2004) (citing *Landis*).

While defendant pays lip service to the requirement that it "must make out a clear case of

hardship or inequity," Def. Mot. at 4 n.4, it does not even attempt to make the requisite showing.

Instead, the agency asserts that

> [a]lthough NHTSA's position in the *Public Citizen* litigation is that *the TREAD Act does not qualify for treatment under Exemption 3*, it also acknowledges that this position is being challenged and that NHTSA has significant interests in following all applicable laws, respecting the judicial system, and fundamental fairness.  The public interest is highly similar.  Although the public may have an

> interest in the EWR data or conclusions that might be drawn from it, having
> NHTSA release the requested EWR data when it may turn out to be unlawful to
> have done so creates an unwarranted risk of violating the TREAD Act.

*Id*. at 3 (emphasis added).  In other words, notwithstanding the fact that plaintiff and defendant

*agree* that there is no current legal impediment to the disclosure of the requested data, the

agency's claimed "hardship" is that disclosure "*may* turn out to be unlawful."  If the

government's concern that policies and positions it currently believes to be appropriate might *at*

*some future time* be held to be unlawful, then all governmental activities would grind to a halt

and all pending litigation would be stayed even when – as here – the litigants *agree* on the

current state of the law.[1]  In any event, it is difficult to see how compliance with the law can be

characterized as a "hardship."[2]

On the other side of the equation, defendant incorrectly asserts that "[p]laintiff has not

alleged any urgent need for the information," and that "[t]he harm to the plaintiff if a stay is

granted is minimal."  *Id*. at 4.  When plaintiff submitted its initial request to NHTSA – almost

two years ago – it requested expedited processing and stated that "our analysis of data from the

Fatality Analysis Reporting System for the 2003 and 2004 calendar years indicates that lack of

expedited treatment could reasonably be expected to pose a threat to life and safety."  Letter

from R.A. Whitfield, Quality Control Systems, to NHTSA, December 31, 2005 (attached to

Whitfield Decl. as Appendix 3) at 1.  Similarly, in its appeal of the agency's denial of its FOIA

---

[1]  Although Ford has moved to intervene in this action, plaintiff notes that it is not yet a party
and is not the applicant for a stay.

[2]  Plaintiff alleges that NHTSA has "improperly withheld" agency records within the meaning of
5 U.S.C. 552(a)(4)(B) by virtue of having exceeded the 20-day statutory time limit for the
disclosure of requested records.  Complaint for Injunctive Relief, ¶¶12-13; 5 U.S.C.
552(a)(5)(C)(i) (constructive exhaustion of administrative remedies where agency fails to
comply with time limits).  With the agency conceding that, under current law, Exemption 3 is not
a basis for non-disclosure, it has failed to articulate any valid excuse for its two-year-long refusal
to comply with plaintiff's request.

request, plaintiff asked for expedited consideration and reiterated "our expectation of a threat to life and safety" resulting from delay in disclosure of the EWR data.  Letter from R.A. Whitfield, Quality Control Systems, to Chief Counsel, NHTSA, February 25, 2006 (attached to Whitfield Decl. as Appendix 4) at 4-5.

As Mr. Whitfield, president of plaintiff Quality Control Systems, explains in the declaration accompanying this submission, plaintiff has "provided statistical and programming services for public health research regarding accidents and injuries" for twenty years.  Whitfield Decl., ¶1.  The data at issue in this case "is vital to [plaintiff's] ongoing research into automotive safety issues."  *Id*.  Specifically, Mr. Whitfield states that "fatal crashes have occurred since the filing of [plaintiff's] FOIA request . . . that I believe might have been prevented had the requested Early Warning Reporting ('EWR') data been disclosed to the public . . . ."  Further, "[t]hese fatal crashes of Ford Explorers and Mercury Mountaineers involving tire-related factors demonstrate the urgent need for expeditious proceedings in this action and the detrimental impact that further delays could have on public welfare."  *Id*., ¶11; *see also id*., ¶13 ("the requested data are needed to further our research and potentially to lessen risks to public safety").

It is thus clear that, contrary to the government's assertion, both plaintiff and the public would be harmed by the delay defendant requests.  In the words of *Landis*, there is "a fair possibility that the stay for which [defendant] prays will work damage to some one else."  299 U.S. at 255.  As this Court has held, "[e]ven in cases of extraordinary public moment, the individual will not be required to submit to delay unless the Government demonstrates that 'the public welfare or convenience will thereby be promoted.'"  *Ellsberg v. Mitchell*, 353 F. Supp. 515, 517-518 (D.D.C. 1973) (quoting *Landis*).  Here, the public welfare obviously would not be

promoted by further delay – two years after the submission of plaintiff's FOIA request – in the disclosure of information that could contribute significantly to automotive safety.

Echoing the Supreme Court's longstanding recognition that "[o]nly in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both," *Landis*, 299 U.S. at 255, this Court has noted, in the context of a stay motion, that "the right to proceed in court should not be denied except under the most extreme circumstances." *GFL Advantage Fund, Ltd. v. Colkitt*, 216 F.R.D. 189, 193 (D.D.C. 2003) (citation and internal quotation marks omitted). *See also Ellsberg*, 353 F. Supp. at 517 ("a plaintiff has the right to prosecute his cause of action without unnecessary delay"). In this case, defendant has simply failed to demonstrate the requisite "hardship . . . in being required to go forward," *Landis*, 299 U.S. at 255. That failure, coupled with the detrimental impact of further delay on plaintiff and the public, requires the Court to reject the government's request.

## Conclusion

For the foregoing reasons, defendant's motion for a stay should be denied.

Respectfully submitted,

  */s./ David L. Sobel*
DAVID L. SOBEL
D.C. Bar No. 360418

1875 Connecticut Avenue, N.W.
Suite 650
Washington, DC 20009
(202) 246-6180
sobel@att.net

Counsel for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **QUALITY CONTROL SYSTEMS CORP.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action 07-590 (ESH) |
| | ) | |
| | ) | |
| **U.S. DEPARTMENT OF TRANSPORTATION,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DECLARATION OF RANDALL A. WHITFIELD**

1. My full name is Randall Allen Whitfield.  I reside at 1034 Plum Creek Drive in

Crownsville, Maryland.  I am the president and a director of plaintiff Quality Control Systems

Corporation.  Quality Control Systems is a family business, employing my wife, Alice Whitfield,

and myself.  Since 1987, we have provided statistical and programming services for public health

research regarding accidents and injuries, as well as for many other types of applications.  The

data sought through the Freedom of Information Act ("FOIA") request at issue in this action is

vital to our ongoing research into automotive safety issues.

2. I am the principal author or second author of scientific articles on the subject of

accidents and injuries that have appeared in such journals as the *American Journal of Public*

*Health*, *The New England Journal of Medicine*, *The Journal of Trauma*, *Accident Analysis and*

*Prevention*, and *Injury Prevention*.

3. I submit this declaration to address the contention of defendant Department of

Transportation that no harm will result as a consequence of further delays in this proceeding.

That assertion is incorrect.   As I describe below, fatal crashes have occurred since the filing of

the FOIA request at issue in this action, that I believe might have been prevented had the requested Early Warning Reporting ("EWR") data been disclosed to the public, depending on what the data could reveal.

4. The National Highway Traffic Safety Administration's ("NHTSA's") Fatality Analysis Reporting System ("FARS") data is available to anyone with Internet access at:  http://www-fars.nhtsa.dot.gov/Main/index.aspx.  Additional versions of the database are available at: ftp://ftp.nhtsa.dot.gov/fars/.

5. FARS provides information about fatal motor vehicle traffic accidents in the United States.  The criteria for case inclusion in the FARS database are that the crash occur on a public road and that the fatality happen within thirty days of the crash (*see* Joseph M. Tessmer, *FARS Analytic Reference Guide, 1975 to 2006,* Washington, D.C.: National Highway Traffic Safety Administration, 2006, p. F-i.).  A comparison study with mortality data from the National Center for Health Statistics has shown that deaths in fatal motor vehicle crashes are reliably present in the database (*see* Susan P. Baker *et al.*, *The Injury Fact Book,* Lexington, MA:  Lexington Books, 1984, p. 277).  A simple search of the National Library of Medicine's MEDLINE citation database (accessible online at http://www.ncbi.nlm.nih.gov/PubMed/) for "Fatal Accident Reporting System" or "Fatality Analysis Reporting System" or "FARS" yields more than 100 papers currently in the scientific literature that refer to or rely on FARS data.

6. At the time of our original FOIA request, we concluded that tires had been reported to be either a driver or a vehicle factor in many fatal crashes of Ford Explorers and a Mercury Mountaineer in which an occupant was killed, based on 2003 and 2004 FARS data.  The FARS data supporting this conclusion are presented in Appendix 1, attached hereto.

7.  In part, the FARS data led to my expectation that consumers' lives and safety were at risk at the time of our FOIA request because all of these deaths occurred well after the announcement on August 9, 2000 of the large Firestone tire recall that affected the Ford Explorer (NHTSA Campaign ID:  00T005000).

8.  The reasonableness of my expectation that consumers' lives and safety were at risk is also rooted in past experience.  The belatedness of the recall involving certain Firestone tires in 2000 was partly the result of NHTSA's failure to promptly detect early indications of the problem in available data (*see* U.S. House of Representatives, *The Recent Firestone Tire Recall Action, Focusing on the Action as it Pertains to Relevant Ford Vehicles*, *Hearings before the Subcommittee on Telecommunications, Trade, and Consumer Protection and the Subcommittee on Oversight and Investigations of the Committee on Commerce,* Washington, DC:  House of Representatives, One Hundred Sixth Congress, Second Session, September 6 and 21, 2000, Serial No. 106-165).

9.  At the time our original FOIA request was filed on December 31, 2005, my belief that expedited processing of our original FOIA request was necessary to avoid a threat to life and safety was reasonably based, in part, on the well-known consequences of NHTSA's failure to take timely notice of similar, tire-related, Ford Explorer crashes seven years ago.

10.  Since submitting our original FOIA request of December 31, 2005, I have become aware of many more deaths in fatal crashes of Ford Explorers and Mercury Mountaineers involving reported tire factors from the most currently available version of FARS, including data for 2005 (unavailable at the time of our original FOIA request) and 2006 (available following the submission of our request).  The supporting FARS data are presented Appendix 2, attached hereto.

11.  These fatal crashes of Ford Explorers and Mercury Mountaineers involving tire-related factors demonstrate the urgent need for expeditious proceedings in this action and the detrimental impact that further delays could have on public welfare.  As the list contained in Appendix 2 shows, the 36 fatal tire-related crashes in 2006 alone caused the deaths of 44 persons – after the submission of our original FOIA request.  Further delays in the adjudication of the status of the EWR data at issue in this case will hinder our research, which is aimed at avoiding similar deaths.

12.  Defendant incorrectly states that "[p]laintiff has not alleged any urgent need for the [requested] information." *Defendant's Motion for a Stay and Memorandum in Support*, at 4. In fact, we requested expedited treatment in our original December 31, 2005, request letter and stated the basis of the urgent need for disclosure.  Appendix 3, attached hereto.  We also requested expedited treatment of our February 25, 2006, appeal of the agency's failure to comply with our request, again citing the risk to public safety that would result from undue delay. Appendix 4, attached hereto.

13.  The EWR data we are seeking from the government could give the public important information about deaths in tire-related crashes of Ford Explorers and Mercury Mountaineers *that are not now known from the FARS data*.  This is because tire-related factors in known fatal crashes sometimes go unreported in police accident reports or may sometimes go uncoded when these reports are processed.  It is important to determine the extent of an undercount, if it exists. The data we are seeking through this FOIA action are about fatalities and injuries in claims to the Ford Motor Company that are related to tires in its Ford Explorers and Mercury Mountaineers utility vehicles.  Based on the extent of the most recent deaths seen in the FARS data, the requested data are needed to further our research and potentially to lessen risks to public safety.

4

I hereby certify, under penalty of perjury, that the forgoing information is true and correct to the best of my knowledge and belief.

8 NOV 2007
Date

Randall A. Whitfield, Director,
Quality Control Systems Corp.

# Appendix 1

**Declaration of Randall A. Whitfield**

**Plaintiff's Opposition to Defendant's Motion for a Stay**

***Quality Control Systems Corp. v. U.S. Department of Transportation*, Civil Action 07-590 (ESH)**

## 2003 and 2004 FARS DATA

Vehicles can be identified in these data as Explorers or Mountaineers by the partial Vehicle Identification Number, or VIN recorded in the data, which is assigned by the manufacturer.  These cases can be found by their unique file identifiers ST_CASE and VEH_NO as well as the calendar year of the crash.

According to the *FARS Analytic Reference Guide 1975 to 2006*, code 1 in VEH_CF1 or VEH_CF2 indicates "tires" as a related factor in the crash.  Code 80 in DR_CF1, DR_CF2, DR_CF3, or DR_CF4 indicates a "Tire Blow-Out or Flat."

| YEAR | ST_CASE | VEH_NO | VIN | VEH_CF1 | VEH_CF2 | DEATHS | DR_CF1 | DR_CF2 | DR_CF3 | DR_CF4 |
|------|---------|--------|-----|---------|---------|--------|--------|--------|--------|--------|
| 2003 | 10461 | 1 | 1FMZU34E3WUB | 1 | 0 | 1 | 17 | 0 | 0 | 0 |
| 2003 | 40077 | 1 | 1FMDU32X1RUA | 1 | 0 | 1 | 80 | 17 | 0 | 0 |
| 2003 | 40412 | 1 | 1FMDU62E21ZA | 1 | 0 | 1 | 80 | 58 | 0 | 0 |
| 2003 | 40531 | 1 | 1FMDU32X1SZB | 1 | 0 | 1 | 80 | 17 | 0 | 0 |
| 2003 | 40631 | 1 | 1FMYU22X3XUC | 1 | 0 | 1 | 44 | 80 | 17 | 58 |
| 2003 | 40762 | 1 | 1FMYU70E41UB | 1 | 0 | 1 | 80 | 17 | 0 | 0 |
| 2003 | 60475 | 1 | 1FMDU32X6SZB | 1 | 0 | 1 | 24 | 48 | 19 | 0 |
| 2003 | 60480 | 1 | 1FMDU32X6TUA | 1 | 38 | 1 | 17 | 48 | 80 | 0 |

| YEAR | ST_CASE | VEH_NO | VIN | VEH_CF1 | VEH_CF2 | DEATHS | DR_CF1 | DR_CF2 | DR_CF3 | DR_CF4 |
|---|---|---|---|---|---|---|---|---|---|---|
| 2003 | 61683 | 1 | 1FMDU34X4TZA | 1 | 0 | 1 | 17 | 48 | 0 | 0 |
| 2003 | 61717 | 1 | 1FMDU32X5SZB | 1 | 0 | 1 | 17 | 24 | 48 | 80 |
| 2003 | 62875 | 1 | 1FMCU22XXVUD | 1 | 0 | 2 | 5 | 17 | 48 | 0 |
| 2003 | 63043 | 1 | 1FMCU22X7VUA | 1 | 0 | 1 | 5 | 17 | 48 | 0 |
| 2003 | 63142 | 1 | 1FMZU32E7WZA | 1 | 0 | 1 | 17 | 24 | 48 | 0 |
| 2003 | 120770 | 1 | 1FMYU22X7XUB | 1 | 0 | 1 | 80 | 0 | 0 | 0 |
| 2003 | 121033 | 1 | 1FMDU32P3TZB | 1 | 0 | 1 | 80 | 0 | 0 | 0 |
| 2003 | 122095 | 1 | 1FMDU32P7TUD | 0 | 0 | 1 | 80 | 0 | 0 | 0 |
| 2003 | 122478 | 1 | 1FMDU34X6RUB | 1 | 0 | 1 | 80 | 0 | 0 | 0 |
| 2003 | 130654 | 1 | 1FMDU34X3SUA | 1 | 0 | 2 | 44 | 87 | 0 | 0 |
| 2003 | 170915 | 1 | 1FMZU34E3WZA | 0 | 0 | 2 | 80 | 17 | 58 | 52 |

| YEAR | ST_CASE | VEH_NO | VIN | VEH_CF1 | VEH_CF2 | DEATHS | DR_CF1 | DR_CF2 | DR_CF3 | DR_CF4 |
|------|---------|--------|-----|---------|---------|--------|--------|--------|--------|--------|
| 2003 | 210438 | 1 | 1FMZU72K12ZC | 1 | 0 | 1 | 17 | 0 | 0 | 0 |
| 2003 | 220246 | 1 | 1FMZU32XXWUD | 1 | 0 | 3 | 17 | 80 | 0 | 0 |
| 2003 | 220425 | 1 | 1FMDU32P4TZB | 1 | 0 | 3 | 17 | 36 | 0 | 0 |
| 2003 | 320074 | 1 | 1FMZU34E5WUA | 1 | 0 | 1 | 17 | 80 | 0 | 0 |
| 2003 | 350190 | 1 | 1FMCU22X5VUA | 1 | 0 | 1 | 80 | 0 | 0 | 0 |
| 2003 | 350256 | 1 | 1FMDU32X3RUE | 1 | 0 | 1 | 80 | 0 | 0 | 0 |
| 2003 | 370051 | 1 | 1FMZU34E0WUB | 1 | 0 | 1 | 36 | 0 | 0 | 0 |
| 2003 | 370742 | 1 | 1FMDU34X4SUA | 1 | 0 | 1 | 0 | 0 | 0 | 0 |
| 2003 | 370781 | 1 | 1FMDU32X1RUC | 1 | 0 | 1 | 80 | 0 | 0 | 0 |
| 2003 | 371003 | 1 | 1FMDU34XXMUA | 1 | 0 | 1 | 5 | 36 | 0 | 0 |
| 2003 | 410213 | 1 | 1FMDU34X9TUA | 1 | 0 | 1 | 17 | 0 | 0 | 0 |

| YEAR | ST_CASE | VEH_NO | VIN | VEH_CF1 | VEH_CF2 | DEATHS | DR_CF1 | DR_CF2 | DR_CF3 | DR_CF4 |
|------|---------|--------|-----|---------|---------|--------|--------|--------|--------|--------|
| 2003 | 450279 | 1 | 1FMDU34X1SUC | 0 | 0 | 1 | 80 | 0 | 0 | 0 |
| 2003 | 481154 | 1 | 1FMDU32X9PUB | 1 | 0 | 1 | 80 | 92 | 0 | 0 |
| 2003 | 481244 | 1 | 1FMDU32X6NUA | 1 | 0 | 1 | 80 | 0 | 0 | 0 |
| 2003 | 481510 | 1 | 1FMDU34X2TUC | 0 | 0 | 1 | 17 | 80 | 0 | 0 |
| 2003 | 482138 | 1 | 1FMDU34X8PUB | 1 | 0 | 2 | 28 | 0 | 0 | 0 |
| 2003 | 482288 | 1 | 1FMDU34X6TZA | 1 | 0 | 1 | 17 | 80 | 0 | 0 |
| 2003 | 483191 | 1 | 1FMZU32E1WZA | 1 | 0 | 2 | 58 | 80 | 17 | 0 |
| 2003 | 510163 | 1 | 1FMCU24E3VUB | 0 | 0 | 1 | 17 | 80 | 0 | 0 |
| 2003 | 530093 | 1 | 1FMZU34E8WZA | 19 | 38 | 1 | 1 | 28 | 58 | 80 |
| 2003 | 530290 | 1 | 1FMDU34X9SUB | 1 | 0 | 1 | 17 | 28 | 44 | 80 |
| 2004 | 10459 | 1 | 1FMDU32X6SZB | 1 | 0 | 1 | 28 | 44 | 0 | 0 |

| YEAR | ST_CASE | VEH_NO | VIN | VEH_CF1 | VEH_CF2 | DEATHS | DR_CF1 | DR_CF2 | DR_CF3 | DR_CF4 |
|---|---|---|---|---|---|---|---|---|---|---|
| 2004 | 40261 | 1 | 1FMYU22X1WUB | 1 | 0 | 1 | 80 | 0 | 0 | 0 |
| 2004 | 40321 | 1 | 1FMYU22X3XUB | 1 | 0 | 1 | 80 | 58 | 0 | 0 |
| 2004 | 40408 | 1 | 1FMDU32X9SZB | 1 | 0 | 4 | 44 | 80 | 0 | 0 |
| 2004 | 40416 | 1 | 1FMDU34X0TZA | 1 | 0 | 3 | 80 | 0 | 0 | 0 |
| 2004 | 40428 | 1 | 1FMDU34X8SZB | 1 | 0 | 2 | 80 | 58 | 0 | 0 |
| 2004 | 40440 | 1 | 1FMDU32X5RUB | 1 | 0 | 2 | 80 | 0 | 0 | 0 |
| 2004 | 40856 | 1 | 1FMZU62X4YUB | 1 | 0 | 1 | 5 | 0 | 0 | 0 |
| 2004 | 40894 | 1 | 1FMDU34X3RUB | 1 | 0 | 1 | 80 | 0 | 0 | 0 |
| 2004 | 50048 | 1 | 1FMDU32X3RUA | 1 | 0 | 1 | 44 | 0 | 0 | 0 |
| 2004 | 50366 | 1 | 4M2ZU86P4YUJ | 1 | 0 | 2 | 0 | 0 | 0 | 0 |
| 2004 | 60044 | 1 | 1FMCU22X4TUA | 1 | 0 | 1 | 58 | 0 | 0 | 0 |

| YEAR | ST_CASE | VEH_NO | VIN | VEH_CF1 | VEH_CF2 | DEATHS | DR_CF1 | DR_CF2 | DR_CF3 | DR_CF4 |
|------|---------|--------|-----|---------|---------|--------|--------|--------|--------|--------|
| 2004 | 60734 | 1 | 1FMDU35P9TUD | 1 | 0 | 1 | 48 | 0 | 0 | 0 |
| 2004 | 61146 | 1 | 1FMDU32E4VZB | 1 | 0 | 1 | 24 | 48 | 0 | 0 |
| 2004 | 61223 | 1 | 1FMDU32E8VZB | 1 | 0 | 1 | 28 | 48 | 80 | 0 |
| 2004 | 61495 | 1 | 1FMDU34X2MUC | 1 | 0 | 2 | 44 | 48 | 28 | 80 |
| 2004 | 61818 | 1 | 1FMYU22EXWUA | 1 | 0 | 2 | 24 | 28 | 48 | 89 |
| 2004 | 62219 | 1 | 1FMDU34X1SZA | 1 | 0 | 2 | 44 | 48 | 28 | 0 |
| 2004 | 121194 | 1 | 1FMDU32X2PUD | 1 | 0 | 1 | 36 | 0 | 0 | 0 |
| 2004 | 121800 | 1 | 1FMZU62X8YZC | 1 | 0 | 2 | 0 | 0 | 0 | 0 |
| 2004 | 122300 | 1 | 1FMZU73E8YZC | 1 | 0 | 1 | 91 | 0 | 0 | 0 |
| 2004 | 122893 | 1 | 1FMDU32X8TZB | 1 | 0 | 1 | 36 | 80 | 28 | 0 |
| 2004 | 130686 | 1 | 1FMDU32XXPUD | 1 | 0 | 1 | 80 | 28 | 0 | 0 |

| YEAR | ST_CASE | VEH_NO | VIN | VEH_CF1 | VEH_CF2 | DEATHS | DR_CF1 | DR_CF2 | DR_CF3 | DR_CF4 |
|------|---------|--------|-----|---------|---------|--------|--------|--------|--------|--------|
| 2004 | 130883 | 1 | 1FMZU32X6WUB | 1 | 0 | 1 | 80 | 28 | 0 | 0 |
| 2004 | 220406 | 1 | 1FMDU32X4PUB | 1 | 0 | 1 | 6 | 24 | 36 | 80 |
| 2004 | 320269 | 1 | 1FMYU22X9WUC | 1 | 0 | 1 | 28 | 44 | 58 | 80 |
| 2004 | 350338 | 1 | 1FMYU22E2XUA | 1 | 0 | 1 | 0 | 0 | 0 | 0 |
| 2004 | 370198 | 2 | 1FMCU24X6RUB | 1 | 0 | 1 | 0 | 0 | 0 | 0 |
| 2004 | 400441 | 1 | 1FMYU60E61UC | 1 | 0 | 1 | 44 | 0 | 0 | 0 |
| 2004 | 420725 | 2 | 1FMCU24X2PUA | 1 | 3 | 1 | 44 | 0 | 0 | 0 |
| 2004 | 450593 | 1 | 1FMDU32E4VZA | 0 | 0 | 1 | 80 | 28 | 0 | 0 |
| 2004 | 470444 | 1 | 1FMDU35P9VUA | 1 | 0 | 1 | 58 | 0 | 0 | 0 |
| 2004 | 481283 | 1 | 1FMDU32X5RUA | 1 | 0 | 2 | 58 | 28 | 80 | 0 |
| 2004 | 481333 | 1 | 1FMYU22X8XUB | 1 | 0 | 1 | 80 | 28 | 0 | 0 |

| YEAR | ST_CASE | VEH_NO | VIN | VEH_CF1 | VEH_CF2 | DEATHS | DR_CF1 | DR_CF2 | DR_CF3 | DR_CF4 |
|---|---|---|---|---|---|---|---|---|---|---|
| 2004 | 481374 | 1 | 1FMZU32P9WZB | 1 | 0 | 2 | 80 | 0 | 0 | 0 |
| 2004 | 481433 | 1 | 1FMZU32X6XZA | 1 | 0 | 1 | 44 | 80 | 58 | 0 |
| 2004 | 483211 | 1 | 1FMZU62XXYZB | 1 | 0 | 1 | 44 | 58 | 24 | 0 |
| 2004 | 510398 | 1 | 1FMDU34X5RUE | 1 | 0 | 1 | 28 | 44 | 80 | 0 |

# Appendix 2

**Declaration of Randall A. Whitfield**

**Plaintiff's Opposition to Defendant's Motion for a Stay**

***Quality Control Systems Corp. v. U.S. Department of Transportation*,**
**Civil Action 07-590 (ESH)**

<u>2005 and 2006 FARS DATA</u>

Vehicles can be identified in these data as Explorers or Mountaineers by the partial Vehicle Identification Number, or VIN recorded in the data, which is assigned by the manufacturer.  These cases can be found by their unique file identifiers ST_CASE and VEH_NO as well as the calendar year of the crash.

According to the *FARS Analytic Reference Guide 1975 to 2006*, code 1 in VEH_CF1 or VEH_CF2 indicates "tires" as a related factor in the crash.  Code 80 in DR_CF1, DR_CF2, DR_CF3, or DR_CF4 indicates a "Tire Blow-Out or Flat."

| YEAR | ST_C ASE | VEH_ NO | VIN | VEH_ CF1 | VEH_ CF2 | DEAT HS | DR_C F1 | DR_C F2 | DR_C F3 | DR_C F4 |
|------|----------|---------|-----|----------|----------|---------|---------|---------|---------|---------|
| 2005 | 10461 | 1 | 1FMD U32X0 XZA | 1 | 0 | 2 | 80 | 28 | 0 | 0 |
| 2005 | 10489 | 1 | 1FMD U34E5 VZB | 0 | 0 | 1 | 80 | 28 | 0 | 0 |
| 2005 | 10651 | 1 | 1FMZ U63X0 YUA | 1 | 0 | 1 | 28 | 0 | 0 | 0 |
| 2005 | 10725 | 1 | 1FMC U22X4 RUB | 0 | 0 | 1 | 45 | 28 | 80 | 87 |
| 2005 | 40465 | 1 | 1FMZ U35P2 WZB | 1 | 0 | 1 | 80 | 0 | 0 | 0 |
| 2005 | 40677 | 1 | 1FMC U22X3 TUD | 1 | 0 | 1 | 0 | 0 | 0 | 0 |
| 2005 | 40741 | 1 | 1FMD U34X1 TZA | 1 | 0 | 2 | 80 | 0 | 0 | 0 |
| 2005 | 40770 | 1 | 1FMY U22X4 XUB | 1 | 0 | 1 | 44 | 80 | 0 | 0 |

| YEAR | ST_CASE | VEH_NO | VIN | VEH_CF1 | VEH_CF2 | DEATHS | DR_CF1 | DR_CF2 | DR_CF3 | DR_CF4 |
|------|---------|--------|-----|---------|---------|--------|--------|--------|--------|--------|
| 2005 | 40871 | 1 | 1FMDU35P7VZB | 1 | 0 | 2 | 58 | 80 | 0 | 0 |
| 2005 | 60683 | 1 | 1FMDU34X0MUB | 1 | 0 | 1 | 24 | 44 | 61 | 0 |
| 2005 | 61904 | 1 | 1FMDU34EXVUA | 1 | 0 | 1 | 48 | 80 | 0 | 0 |
| 2005 | 63136 | 1 | 1FMDU32EXVZC | 1 | 0 | 1 | 48 | 80 | 0 | 0 |
| 2005 | 120385 | 1 | 1FMYU22EXWUD | 1 | 0 | 1 | 0 | 0 | 0 | 0 |
| 2005 | 120545 | 1 | 1FMZU34E1WUB | 0 | 0 | 1 | 80 | 0 | 0 | 0 |
| 2005 | 120556 | 1 | 1FMCU22X3PUD | 0 | 0 | 1 | 80 | 0 | 0 | 0 |
| 2005 | 120766 | 1 | 1FMDU34E4VUC | 1 | 0 | 1 | 0 | 0 | 0 | 0 |
| 2005 | 120775 | 1 | 1FMDU32P2VZC | 1 | 0 | 1 | 0 | 0 | 0 | 0 |
| 2005 | 120955 | 1 | 1FMDU32X9TZA | 1 | 0 | 1 | 80 | 44 | 0 | 0 |
| 2005 | 121059 | 1 | 1FMDU32X9TUC | 1 | 0 | 1 | 0 | 0 | 0 | 0 |

| YEAR | ST_C ASE | VEH_ NO | VIN | VEH_ CF1 | VEH_ CF2 | DEAT HS | DR_C F1 | DR_C F2 | DR_C F3 | DR_C F4 |
|---|---|---|---|---|---|---|---|---|---|---|
| 2005 | 121543 | 1 | 1FMY U22E5 XUC | 1 | 0 | 1 | 0 | 0 | 0 | 0 |
| 2005 | 121608 | 1 | 1FMY U22E6 WUA | 1 | 0 | 1 | 44 | 80 | 0 | 0 |
| 2005 | 121850 | 1 | 1FMD U34X0 TUC | 1 | 0 | 3 | 44 | 0 | 0 | 0 |
| 2005 | 121854 | 1 | 1FMY U22X7 XUA | 1 | 0 | 1 | 28 | 0 | 0 | 0 |
| 2005 | 123231 | 1 | 4M2Z U66P8 YUJ | 1 | 0 | 2 | 0 | 0 | 0 | 0 |
| 2005 | 130552 | 1 | 1FMD U32E7 VUA | 0 | 0 | 2 | 80 | 28 | 58 | 44 |
| 2005 | 131339 | 1 | 1FMD U32X0 RUD | 1 | 0 | 1 | 28 | 0 | 0 | 0 |
| 2005 | 170084 | 1 | 4M2D U55P3 VUJ | 1 | 0 | 1 | 28 | 80 | 52 | 0 |
| 2005 | 220788 | 1 | 1FMD U34XX PUB | 1 | 0 | 1 | 28 | 0 | 0 | 0 |
| 2005 | 291077 | 1 | 1FMZ U32E5 WZA | 99 | 99 | 1 | 21 | 80 | 0 | 0 |
| 2005 | 340464 | 1 | 1FMD U34E5 VUA | 1 | 0 | 1 | 80 | 0 | 0 | 0 |

| YEAR | ST_CASE | VEH_NO | VIN | VEH_CF1 | VEH_CF2 | DEATHS | DR_CF1 | DR_CF2 | DR_CF3 | DR_CF4 |
|---|---|---|---|---|---|---|---|---|---|---|
| 2005 | 350317 | 1 | 1FMDU34X6TZB | 0 | 0 | 1 | 80 | 28 | 0 | 0 |
| 2005 | 350355 | 1 | 1FMZU34X1WZA | 0 | 0 | 1 | 80 | 0 | 0 | 0 |
| 2005 | 350364 | 1 | 1FMCU22X5PUA | 1 | 0 | 1 | 80 | 0 | 0 | 0 |
| 2005 | 370611 | 2 | 1FMDU34X5SUB | 1 | 0 | 1 | 36 | 28 | 24 | 0 |
| 2005 | 400194 | 1 | 1FMDU32P6VZA | 1 | 0 | 2 | 28 | 44 | 93 | 0 |
| 2005 | 420763 | 1 | 1FMDU34X6NUB | 1 | 2 | 1 | 22 | 93 | 0 | 0 |
| 2005 | 450516 | 1 | 1FMYU22X5XUB | 1 | 0 | 2 | 80 | 28 | 0 | 0 |
| 2005 | 450871 | 1 | 1FMYU60E81UB | 1 | 0 | 1 | 80 | 28 | 0 | 0 |
| 2005 | 480399 | 1 | 1FMZU34E8XZA | 1 | 0 | 1 | 24 | 80 | 0 | 0 |
| 2005 | 480495 | 1 | 1FMDU34X4VUB | 1 | 0 | 2 | 80 | 5 | 0 | 0 |
| 2005 | 481202 | 1 | 1FMDU32X6PUD | 0 | 0 | 1 | 80 | 94 | 28 | 0 |

| YEAR | ST_C ASE | VEH_ NO | VIN | VEH_ CF1 | VEH_ CF2 | DEAT HS | DR_C F1 | DR_C F2 | DR_C F3 | DR_C F4 |
|---|---|---|---|---|---|---|---|---|---|---|
| 2005 | 481240 | 1 | 1FMD U32F3 VZC | 0 | 0 | 1 | 92 | 80 | 0 | 0 |
| 2005 | 481900 | 1 | 1FMD U32X7 VUC | 1 | 0 | 2 | 44 | 28 | 0 | 0 |
| 2005 | 481965 | 1 | 1FMD U32X1 MUD | 1 | 0 | 1 | 44 | 0 | 0 | 0 |
| 2005 | 482147 | 1 | 1FMZ U32E3 XZB | 1 | 0 | 1 | 0 | 0 | 0 | 0 |
| 2005 | 482349 | 2 | 1FMC U24X3 MUC | 1 | 0 | 1 | 80 | 0 | 0 | 0 |
| 2005 | 540178 | 1 | 1FMD U34X0 VUA | 1 | 0 | 1 | 80 | 28 | 0 | 0 |
| 2006 | 10284 | 1 | 4M2Z U52E7 XUJ | 1 | 0 | 2 | 80 | 28 | 58 | 0 |
| 2006 | 10300 | 1 | 1FMY U22X8 WUC | 1 | 0 | 1 | 80 | 52 | 99 | 99 |
| 2006 | 10698 | 1 | 1FMZ U32X2 WZB | 1 | 0 | 2 | 80 | 0 | 0 | 0 |
| 2006 | 50211 | 1 | 1FMZ U32PX WZC | 1 | 0 | 1 | 99 | 99 | 99 | 99 |
| 2006 | 50358 | 1 | 1FMY U22X0 WUB | 1 | 0 | 1 | 5 | 0 | 0 | 0 |

| YEAR | ST_CASE | VEH_NO | VIN | VEH_CF1 | VEH_CF2 | DEATHS | DR_CF1 | DR_CF2 | DR_CF3 | DR_CF4 |
|------|---------|--------|-----|---------|---------|--------|--------|--------|--------|--------|
| 2006 | 61193 | 1 | 1FMDU35P2VZB | 1 | 0 | 1 | 48 | 24 | 80 | 0 |
| 2006 | 61705 | 1 | 1FMYU22E0XUC | 1 | 0 | 3 | 92 | 48 | 80 | 0 |
| 2006 | 61795 | 1 | 1FMDU34X2RUD | 1 | 0 | 1 | 48 | 58 | 80 | 0 |
| 2006 | 62286 | 1 | 1FMZU35P0WZC | 1 | 0 | 1 | 48 | 0 | 0 | 0 |
| 2006 | 62566 | 1 | 1FMZU32EXWZA | 1 | 0 | 1 | 48 | 0 | 0 | 0 |
| 2006 | 62975 | 1 | 1FMDU32X0PUD | 1 | 0 | 1 | 44 | 48 | 0 | 0 |
| 2006 | 120790 | 1 | 4M2DU52P1VUJ | 1 | 0 | 2 | 0 | 0 | 0 | 0 |
| 2006 | 120857 | 1 | 1FMZU63E91ZA | 1 | 0 | 1 | 80 | 0 | 0 | 0 |
| 2006 | 120868 | 1 | 1FMYU22X7WUC | 1 | 0 | 1 | 0 | 0 | 0 | 0 |
| 2006 | 121330 | 1 | 1FMYU22E1WUC | 1 | 0 | 1 | 0 | 0 | 0 | 0 |
| 2006 | 121676 | 1 | 1FMDU34X0TUA | 1 | 0 | 1 | 99 | 99 | 99 | 99 |

| YEAR | ST_CASE | VEH_NO | VIN | VEH_CF1 | VEH_CF2 | DEATHS | DR_CF1 | DR_CF2 | DR_CF3 | DR_CF4 |
|------|---------|--------|-----|---------|---------|--------|--------|--------|--------|--------|
| 2006 | 121738 | 1 | 1FMCU22X0VUC | 1 | 0 | 1 | 0 | 0 | 0 | 0 |
| 2006 | 122297 | 1 | 1FMDU24E5VUA | 1 | 0 | 2 | 0 | 0 | 0 | 0 |
| 2006 | 130711 | 1 | 1FMDU34X7SUB | 0 | 0 | 2 | 80 | 28 | 0 | 0 |
| 2006 | 130839 | 1 | 4M2ZU66P1YUJ | 1 | 0 | 1 | 80 | 28 | 0 | 0 |
| 2006 | 131029 | 1 | 1FMCU22X2NUC | 1 | 0 | 1 | 80 | 0 | 0 | 0 |
| 2006 | 170898 | 1 | 1FMZU73W33ZA | 1 | 0 | 2 | 44 | 28 | 80 | 5 |
| 2006 | 180505 | 1 | 4M2ZU86K23UJ | 1 | 0 | 1 | 0 | 0 | 0 | 0 |
| 2006 | 220692 | 1 | 1FMDU32X6TUA | 1 | 0 | 1 | 80 | 58 | 24 | 0 |
| 2006 | 300184 | 1 | 1FMDU32X8NUC | 1 | 0 | 1 | 1 | 58 | 28 | 0 |
| 2006 | 340452 | 1 | 1FMDU35P4TZB | 0 | 0 | 1 | 80 | 0 | 0 | 0 |
| 2006 | 400330 | 1 | 1FMZU32X9WZB | 1 | 0 | 1 | 28 | 0 | 0 | 0 |

| YEAR | ST_CASE | VEH_NO | VIN | VEH_CF1 | VEH_CF2 | DEATHS | DR_CF1 | DR_CF2 | DR_CF3 | DR_CF4 |
|------|---------|--------|-----|---------|---------|--------|--------|--------|--------|--------|
| 2006 | 450255 | 1 | 1FMDU32X6RUC | 0 | 0 | 1 | 80 | 28 | 0 | 0 |
| 2006 | 450572 | 1 | 1FMZU34E6WZA | 0 | 0 | 1 | 80 | 0 | 0 | 0 |
| 2006 | 480589 | 1 | 1FMZU32X3XZB | 31 | 0 | 1 | 80 | 28 | 90 | 0 |
| 2006 | 481407 | 1 | 1FMDU34X3PUC | 1 | 0 | 1 | 80 | 0 | 0 | 0 |
| 2006 | 481435 | 1 | 1FMZU32E9WZA | 1 | 0 | 1 | 80 | 0 | 0 | 0 |
| 2006 | 481528 | 1 | 1FMDU32X2VZA | 1 | 0 | 1 | 80 | 5 | 0 | 0 |
| 2006 | 481573 | 1 | 1FMDU32X5RUB | 1 | 0 | 1 | 1 | 4 | 0 | 0 |
| 2006 | 481888 | 1 | 1FMCU22X8TUA | 1 | 0 | 1 | 0 | 0 | 0 | 0 |
| 2006 | 482914 | 1 | 1FMDU34X7TUA | 32 | 1 | 1 | 44 | 28 | 87 | 0 |

# Appendix 3

**Declaration of Randall A. Whitfield**

**Plaintiff's Opposition to Defendant's Motion for a Stay**

***Quality Control Systems Corp. v. U.S. Department of Transportation*,**
**Civil Action 07-590 (ESH)**



# Quality Control Systems Corporation

1034 Plum Creek Drive • Crownsville, MD 21032-1322
410-923-2411 • inquiry@quality-control.us

December 31, 2005

VIA EMAIL
ACKNOWLEDGMENT REQUESTED TO inquiry@quality-control.us

NHTSA
Executive Secretariat [FOIA]
Room 5221
400 Seventh Street, S.W.
Washington, D.C.  20590

Dear Sir/Madam:

According to 49 CRF 579.21, larger manufacturers of light motor vehicles have been
required to submit information to NHTSA regarding claims of deaths and injuries since
2003.  These claims are further identified by the system or component that allegedly
contributed to the incident, including the vehicle's tires.  Based on these facts, it is
reasonably believed that information submitted by the Ford Motor Company pertaining
to deaths and injuries claims associated with tires on Ford Explorers and Mercury
Mountaineer utility vehicles is currently included in NHTSA's ARTEMIS database
maintained by the Office of Defects Investigation.

Please consider this letter as a Freedom of Information Act (FOIA) request for all
information submitted by Ford Motor Company pursuant to 49 CRF 579.21 regarding
claims made to Ford of deaths and injuries arising from tire-related incidents in Ford
Explorer and Mercury Mountaineer utility vehicles.  We would prefer to have this
information in machine-readable, electronic format on CD or DVD disk(s).

We ask that this request be given expedited treatment. In accordance with 49 CRF 7.31, I
hereby certify that, to the best of our knowledge and belief, our analysis of data from the
Fatality Analysis Reporting System for the 2003 and 2004 calendar years indicates that
lack of expedited treatment could reasonably be expected to pose a threat to life and
safety.  I also certify that our main professional activity is statistical computing and the
dissemination of our results.

We also ask that you acknowledge your receipt of this FOIA request together with a
tracking number that will facilitate follow-up.

Letter to NHTSA Executive Secretariat [FOIA] – Page 2 of 2

As we are established as a (for-profit) corporation, this request should be considered for commercial use.  We agree to pay fees associated with this request up to a maximum of $250.00, unless you notify us that the fees are likely to exceed this amount.

Should you decide to withhold part or all of the information we are seeking, please provide a "Vaughn Index" that describes the information that is being withheld.


Very truly yours,


R. A. Whitfield,
Director

# Appendix 4

**Declaration of Randall A. Whitfield**

**Plaintiff's Opposition to Defendant's Motion for a Stay**

***Quality Control Systems Corp. v. U.S. Department of Transportation*,
Civil Action 07-590 (ESH)**



# Quality Control Systems Corporation

1034 Plum Creek Drive • Crownsville, MD 21032-1322
410-923-2411 • inquiry@quality-control.us

February 25, 2006

**<u>VIA CERTIFIED MAIL - RETURN RECEIPT REQUESTED</u>**

Chief Counsel – [FOIA Appeal]
National Highway Traffic Safety Administration
400 Seventh Street, S.W.
Washington, DC  20590

RE:     Freedom of Information Act (FOIA) Request, 5 U.S.C. 552
All information submitted by Ford Motor Company pursuant to 49 CFR 572.21 regarding claims made to Ford of deaths and injuries from tire-related incidents in Ford Explorer and Mercury Mountaineer utility vehicles currently included in NHTSA's Artemis database

Dear Madam or Sir,

We are in receipt of a letter from Mr. John Donaldson, Assistant Chief Counsel for Legislation and General Law, dated February 3, 2006, denying our FOIA request of December 31, 2005 for the information referred to above.  This information is necessary to understand why so many deaths and injuries among occupants of Ford Explorers with tire failures continue to occur long after the well-known tire recalls, tire replacement program, and tire service campaign that affected the vehicle.  As you may know, 2003 and 2004 data from the Fatality Analysis Reporting System show these deaths have begun to increase again, reaching a frequency of about one death per week.  The TREAD data could shed important light on these casualties because the reporting system was designed and is maintained at considerable public expense to do exactly that.

Please consider this letter our appeal of Mr. Donaldson's decision to keep the information we requested secret.

According to Mr. Donaldson's letter, these data are "the subject of litigation before the United States District Court for the District of Columbia..." He further states that, "Under these circumstances, the agency has issued a stay on the release of this type of information and [he is] withholding the requested information concerning deaths and

Letter to the Chief Counsel, NHTSA – February 25, 2006 – Page 2 of 5

injuries arising from tire-related incidents in Ford Explorers and Mercury Mountaineer utility vehicles until a court decision is rendered."

This is not a legal basis to deny our FOIA request. The National Highway Traffic Safety Administration has no authority whatsoever to "issue stays" which nullify the agency's requirement to comply with the FOIA statute.

Mr. Donaldson also claims in his letter that, "The information you seek is also covered by class determinations under the agency's Confidential Business Information rule (49 CFR Part 512, Appendix C), which affords confidential treatment to the information." For your convenience I cite here what I believe to be the complete text of this Appendix:

> **Appendix C—Early Warning Reporting Class Determinations**
>
> (a) The Chief Counsel has determined that the following information required to be submitted to the agency under 49 CFR 579, subpart C, will cause substantial competitive harm and will impair the government's ability to obtain this information in the future if released:
> (1) Reports and data relating to warranty claim information;
> (2) Reports and data relating to field reports, including dealer reports and hard copy reports; and
> (3) Reports and data relating to consumer complaints.
> (b) In addition, the Chief Counsel has determined that the following information required to be submitted to the agency under 49 CFR 579, subpart C, will cause substantial competitive harm if released: Reports of production numbers for child restraint systems, tires, and vehicles other than light vehicles, as defined in 49 CFR 579.4(c).

As you can see, there is no mention at all in Appendix C of deaths and injuries claims information.

The section of the CBI final regulation notice that does deal with deaths and injuries claims information is cited below for your convenience:

> For these reasons, we have decided not to create a class determination to cover the early warning reporting information relating to claims and notices of death or personal injury, or property damage claims. We have determined that release of that data generally will neither lead to substantial competitive harm nor impair our ability to obtain such information in the future.

Letter to the Chief Counsel, NHTSA – February 25, 2006 – Page 3 of 5

As you can read, the regulation plainly affords <u>no</u> confidential treatment based on class determinations to the deaths and injuries claims information sought in our FOIA request, although Mr. Donaldson says it does.

Page 1 of Mr. Donaldson's letter concludes:  "Consequently, I am withholding the requested information concerning warranty claims, customer complaints, and field reports." Please take note that we never asked for such information in our FOIA request of December 31, 2005.  It is unreasonable to reject our request for deaths and injuries claims information, which is not entitled to confidential treatment under the CBI regulation, on the basis that some other information has been accorded secret status by the agency. We have never asked for that other information.

Mr. Donaldson's rejection of our request based on a "stay" issued by the agency in response to litigation is particularly difficult to understand, given the following language from the notice of the CBI final rule:

> The Alliance also suggested an express regulatory provision maintaining the confidentiality of material pending any judicial review of the agency's final administrative action regarding confidential treatment.
>
>   The agency will continue to treat as confidential any information that remains subject to an administrative review. This includes both the initial determination and the agency's response to any petition for reconsideration. The agency declines, however, to adopt the Alliance's suggestion that we continue automatically to treat such information as confidential pending judicial review. The agency will make the information publicly available, consistent with its administrative decision, unless ordered otherwise by a court of competent jurisdiction.

Letter to the Chief Counsel, NHTSA – February 25, 2006 – Page 4 of 5

So far as we are aware, there is no court order in the case cited by Mr. Donaldson, *Public Citizen v. Mineta,* that would enjoin you from complying with our legal request. We note also that Mr. Donaldson's letter to us never actually cites such an order.

Mr. Donaldson's letter at no place states: 1) whether Ford has, in fact, ever complied with the requirements of the TREAD Act to report deaths and injuries claims of deaths and injuries from tire-related incidents in Ford Explorer and Mercury Mountaineer utility vehicles; 2) whether Ford has ever requested confidential treatment for any such deaths and injuries claims data; 3) whether the agency is evaluating such a request from Ford for confidential treatment of such data; 4) the date by which the agency's determination regarding any confidential treatment that might have been requested by Ford will or would have been made.

We are mindful that the agency warned manufacturers in the CBI final notice not to routinely seek confidential treatment for information the agency has consistently determined would not cause competitive harm if released, such as the deaths and injuries claims data we are seeking. In the event that Ford has complied with this warning and actually has never made a request for confidential treatment of the data we are seeking, it would be most remarkable for the agency to accord secrecy for these public health data, based on Exception 4 to the FOIA statute.

Exemption 3 to the FOIA statute certainly cannot be applied to the data we are seeking. If Exemption 3 were operative, surely the agency would never have announced to the media (for example, to Reuters and to me personally by your agency's spokesman, Mr. Rae Tyson) that the deaths and injuries claims data were publicly available.

There are no exceptions under the FOIA statute that could be applied to the public health data we have requested. It should go without saying that there is no exception under the FOIA statute for agency-issued "stays." The "stay" issued by your agency and cited by Mr. Donaldson appears to cloak a simple refusal to comply with FOIA in an act of power that your agency does not possess.

We note that our December 31, 2005 FOIA request did not receive expedited processing despite our certification that lack of expedited treatment could reasonably be expected to pose a threat to life and safety and that our main professional activity is statistical computing and the dissemination of our results. In fact, your response was later than what would have been required by regulation had we made no request for expedited treatment at all. Though ignored by your agency, our expectation of a threat to life and safety made in our December 31, 2005 request was unfortunately born out by events. For your convenience, here is an Internet link to a report of an Explorer rollover crash, caused by a tire failure, that apparently resulted in a fractured back: http://www.bradenton.com/mld/bradenton/news/nation/13781220.htm. This story appeared in the press on the very day of Mr. Donaldson's letter to us, denying our FOIA request.

Letter to the Chief Counsel, NHTSA – February 25, 2006 – Page 5 of 5

At the risk of a similar delay, we ask that this appeal be given expedited treatment. In accordance with 49 CRF 7.32, I hereby certify that, to the best of our knowledge and belief, our analysis of data from the Fatality Analysis Reporting System for the 2003 and 2004 calendar years indicates that lack of expedited treatment could reasonably be expected to pose a threat to life and safety.  A summary of this research is available at http://dmses.dot.gov/docimages/p84/382020.pdf.  I also certify that our main professional activity is statistical computing and the dissemination of our results. A selected list of our scientific publications is available at http://quality-control.us/publications.html.

We note also that it is impossible for us to provide you with the DOT file or reference number assigned to our original request because your agency made no response to our request for such a tracking number in our December 31, 2005 letter.

Please release the information requested in our letter of December 31, 2005, pursuant to the Freedom of Information Act.  Thank you for the favor of a timely reply that could save many lives.

Very truly yours,

R. A. Whitfield,
Director