UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| QUALITY CONTROL SYSTEMS, CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-590 (ESH) |
| | ) | |
| UNITED STATES DEPARTMENT OF TRANSPORTATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR A STAY

Defendant U.S. Department of Transportation ("DOT") respectfully submits this memorandum in reply to plaintiff's opposition for an order staying all proceedings in this action until the U.S. Court of Appeals for the District of Columbia Circuit resolves <u>Public Citizen, Inc. v. Peters, Secretary of Transportation</u>, No. 06-5304 ("<u>Public Citizen</u>").

Plaintiff opposes a stay on two grounds. First, plaintiff contends that defendant failed to satisfy the hardship requirement of <u>Landis v. v. North American Co.</u>, 299 U.S. 248, 255 (1936), for the granting of a stay of proceedings before the Court. Pl.'s Opp. 2-3. Second, plaintiff offers a competing view on the balance of interests.

Plaintiff, as it must, concedes that this Court has the authority to stay these proceedings in the interests of judicial economy and efficiency. In <u>Feld Entertainment, Inc. v. American Society for the Prevention of Cruelty to Animals</u>, __ F. Supp.2d __, 2007 WL 3285836 No. 07-1532 (D. D.C. Nov. 7, 2007), the Court recently and succinctly explained the standard of review for granting a stay:

> "A court has inherent power to stay proceedings in control of its docket, after balancing the competing interests." <u>Dellinger v. Mitchell,</u> 442 F.2d 782, 786 (D.C.Cir.1971). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." <u>Landis v. North American Co.,</u> 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936); see also <u>Hisler v. Gallaudet University,</u> 344 F.Supp.2d 29, 35 (D.D.C.2004)("The trial court has broad discretion to stay all proceedings in an action pending resolution of independent proceedings elsewhere ."). However, the "suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." 299 U.S. at 255. In determining whether to grant a stay, "the court, in its sound discretion, must assess and balance the nature and substantiality of the injustices claimed on either side." <u>Gordon v. Fed. Deposit Ins. Corp.,</u> 427 F.2d 578, 580 (D.C.Cir.1980). "This is best done by the exercise of judgment, which must weigh competing interests and maintain an even balance." <u>GFL Advantage Fund, Ltd. v. Colkitt,</u> 216 F.R.D. 189, 193 (D.D.C.2003).

<u>Id.</u> at 1. Thus, although plaintiff does not dispute that this Court may stay this matter, it urges a different balance of interests.

### Defendant DOT Articulated a Clear Hardship and Inequity

Defendant DOT articulated a clear hardship and inequity presented by proceeding with this litigation while the D.C. Circuit decides whether NHTSA is precluded by law from releasing the very type of data at issue in this case. Def.'s Mem. at 4. Plaintiff has not rebutted that it is in the interests of judicial economy and efficiency to stay this proceeding and merely argues that defendant's stated hardship—that its potential disclosure of the information may violate a currently unsettled area of the law—is not a hardship at all. Pl.'s Opp at 3.

However, defendant DOT has an interest in following all laws and the law concerning the TREAD Act is on the brink of being addressed by the D.C. Circuit, and its decision will govern these proceedings. Disclosure at this juncture would effectively elevate the requester's right to information promptly over the submitter's potential right to confidentiality of the information. Because any harm flowing from disclosure cannot be undone, the submitter's hardship has

2

served as a basis for staying the disclosure of information in the context of FOIA litigation where stays are routinely granted. Center for National Security Studies v. United States Dep't of Justice, 217 F. Supp. 2d 58 (D. D.C. 2002). The disclosure of disputed FOIA materials before the ultimate resolution of the matter creates a hardship for the disclosing party because the disclosure of information in such cases would destroy confidentiality for all time, and moot any subsequent appeal. Center for Int'l Environmental Law v. Office of the U.S. Trade Representative, 240 F.Supp.2d 21, 22-23 (D. D.C. 2003).

Plaintiff's allegation of harm due to delay does not make its case. Plaintiff asserts, without any substantive support, that EWR data is "vital" to its research and disclosure may have prevented motor vehicle crashes. Pl.'s Opp. at 4. Plaintiff's support consists of the declaration of Randall A. Whitfield, Director of Quality Control Systems Corp. Mr. Whitfield speculates that the release of the data will avoid motor vehicle crashes in the near future. Whitfield Dec. ¶ 3. Mr. Whitfield offers only that the EWR data will potentially indicate that the data collected by NHTSA's Fatality Analysis Reporting System ("FARS") is an undercount. Whitfield Dec. ¶ 13. Mr. Whitfield fails to explain how confirming the existence or non existence of an undercount will prevent motor vehicle crashes. Moreover, Plaintiff offers no support for how what is anticipated to amount to only a short stay of two to three months would cause any incremental harm, especially when the vehicles for which EWR information is sought have already been sold and no EWR information has ever been released by NHTSA in the past.

### The Balance of the Interests Weigh in Favor of a Stay

When evaluating all the competing interests involved, the proper course is to stay this proceeding. There is a strong public interest in preserving the *status quo* until the issue over the disclosure of EWR data is finally resolved to avoid a violation of either the TREAD Act or the

FOIA.  See Atlantic Coast Airlines Holdings, Inc. v. Mesa Air Group, Inc., 295 F.Supp.2d 75, 96 (D. D.C. 2003).  The Public Citizen case will resolve whether Exemption 3 of the FOIA prohibits release of EWR information, and simplify the proceedings.  Landis, 299 U.S. at 256.  In addition, staying the instant matter promotes judicial economy and efficiency by avoiding litigating essentially the same issues in two separate forums.  Naegele v. Albers, 355 F. Supp.2d 129, 141 (D. D.C. 2005).  Moreover, the duration of the requested stay is in terms of months, not years, as the stay likely would remain in effect only until the end of this year or early next when it is reasonable to expect the D.C. Circuit to render its decision.  A stay of such short duration is not immoderate.  Landis, 299 U.S. at 257.  Plaintiff has been seeking this data since December 31, 2005, and there is no genuine indication that a few more months will make any practical difference whatsoever.

## Conclusion

For all of the foregoing reasons, Defendant DOT respectfully requests that the Court stay the instant matter until a decision by the D.C. Circuit in Public Citizen.

Dated:  November 19, 2007.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

_____
JANE LYONS, D.C. BAR # 451737
Assistant United States Attorney
Civil Division
555 4th Street, N.W. – Room E4822
Washington D.C. 20530
(202) 514-7161

5